WALTER H. CHAPIN, Respondent, v. DEWITT C. HOLLISTER, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1872.)

In an action upon the warranty of a chattel, brought by an assignee, whose assignment in writing expressed a consideration "for value received," *held*, that evidence of the actual amount paid on the assignment was properly excluded.

And it was not error to disallow a cross-examination of the assignor, as to such amount, although he had given testimony as to the value of the chattel as warranted, there being no abuse of discretion in excluding it.

*Held*, also, that an objection was properly sustained to the cross-examination of the assignor respecting his conversation with the warrantor directly after completion of the sale with warranty, the materiality of the testimony not appearing.

Nor was it proper to show a conversation between the assignor and assignee, prior to the sale, as to the actual value of the chattel, as tending either to show that there was no warranty, or that he did not rely upon one.

THIS was an appeal by the defendant from a judgment of the County Court of Otsego county, affirming the judgment upon a verdict in the Justice's Court.

The action was upon a breach of warranty, given on the sale of sundry cows, which were alleged to have been warranted as coming in in March and May. The plaintiff claimed as assignee of the vendee. The warranty was denied by the defendant.

Upon the trial, the plaintiff proved a written assignment to him, for value received, of all claim, causes of action, &c., against the defendant, of every nature; and proved by his assignor the sale of the cows, with warranty, as laid in the complaint; also, a breach of the warranty. He also proved, by the same witness, the value which the cattle would have had if they had conformed to the warranty. Upon cross-examination, the assignor was asked what he had received for the claim in suit and transfer, and the question was excluded under the plaintiff's objection as calling for secondary and immaterial evidence.

Evidence was also given by the plaintiff corroborating the assignor's testimony respecting the nature of the bargain, sale and warranty; and one Talbott, who had testified to the occurrence and conversation at and immediately preceding the sale, was asked upon cross-examination whether there had been any conversation between the defendant and the assignor about the cows, after the latter had bought them and, before he left the field.   This was also excluded, under objection.

The defendant called a witness to prove a conversation between the assignor and himself (witness), which had occurred prior to the sale, to show that he had informed the assignor of the time when the cows would come in, viz., at times later than those warranted afterward upon the sale.   This testimony was also excluded.

The jury rendered a verdict for the plaintiff.   Judgment was entered and affirmed on appeal to the County Court, from the decision of which court this appeal was taken.

*Morgan & Rafter*, for the appellant.

*Aylesworth & Harrington*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J.   There was no error in overruling the question put to the witness as to what the plaintiff gave him for the claim, and the other questions as to the consideration paid by the plaintiff for the cause of action.   The assignment was in writing and expressed value received, which was a sufficient consideration.

The evidence is claimed to have been proper as a cross-examination of the witness, who had testified to the value of the property.   The amount paid, even if a trifling sum, would not tend to contradict the testimony of the witness in this particular, as a transfer of a claim of this kind is governed by circumstances, and depends upon the solvency of the defendant, the charges and expenses of litigation, the indisposition of the original claimant to enter into it, and various

other considerations, some of which are purely personal, and could have no direct bearing upon the question of actual damages.

How far the court should open the door upon a cross-examination to an inquiry which would call out all these matters, is, to a considerable extent, a question of discretion; and as there is no reason to suppose that it was improperly exercised in this case, there was no error in the decision of the justice in this respect.

It may also be observed that the defendant was not questioned as to the amount of damages proved on the trial, and the jury did not follow the testimony of the witness, so that the plaintiff was in no event injured.

The evidence of the conversation between the defendant and plaintiff's assignee, after the sale of the cows in question, was not material. The bargain had been made and the money paid, and nothing remained to be done to complete the contract. The warranty was perfected, and the offer of evidence did not make it apparent that there was any conversation after the sale which had any bearing upon the case. It is the duty of the defendant to make it appear affirmatively that the evidence was material and its rejection erroneous. This is not done, and the objection, I think, was properly sustained.

The evidence of the conversation and of what took place between Talbott and Clayton before the sale, in the absence of the defendant, was properly excluded.

If the defendant warranted the cows after what was offered to be proved when the sale was made, it appears to me it is of but little consequence what information the assignee of the plaintiff had received in regard to them previous to the sale. If the defendant chose to warrant them in despite of this, the purchaser had a right to rely on the warranty, and the defendant was bound by his contract.

Nor was the testimony admissible as impairing the version given by Talbott of the transaction. How would it affect that? It by no means necessarily follows that the defendant

did not warrant the cows, as testified to by Talbott, because Talbott may have seen the record kept by Hollister, or that Talbott had it in mind when he made the contract, or that if he did know of it, that he did not rely upon the defendant's warranty.

Such evidence would be remote to impair the testimony of the witness, and I think was not admissible.

Judgment affirmed, with costs.